123 N.J. Super. 121 (1973)
301 A.2d 773
LEONARD R. CORSO, PLAINTIFF-APPELLANT,
v.
LOCAL UNION NO. 153 OF THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, AN UNINCORPORATED ASSOCIATION, AND THE BENDIX CORPORATION, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1973.
Decided March 13, 1973.
*122 Before Judges LORA, ALLCORN and KOLE.
Mr. Ronald J. Nelson argued the cause for the appellant (Messrs. Craner and Brennan, attorneys).
Mr. Martin Paskoff argued the cause for the respondent Bendix Corporation.
Messrs. Vaccaro and Osborne filed a statement in lieu of brief on behalf of the respondent Local Union No. 153.
PER CURIAM.
It no longer is open to question that, under section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, a member of a labor union may maintain an action in the state courts against both the union and the employer, where he has been wrongfully discharged by his employer in violation of an existing collective bargaining agreement, and has been unable to obtain redress under the grievance procedures stipulated in the collective bargaining agreement because the union, as his bargaining agent, breached its statutory duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), reh. den. 376 U.S. 935, 84 S.Ct. 697, 11 L.Ed.2d 655 (1964). See also, Motor Coach *123 Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), reh. den. 404 U.S. 874, 92 S.Ct. 24, 30 L.Ed.2d 120 (1971). Thus, the trial court erred in dismissing the complant as against defendant Bendix Corporation, and in restricting plaintiff to an action in common law fraud against defendant union.
Nor, contrary to the contention of defendant Bendix Corporation, is the decision of the umpire in the arbitration proceedings binding upon plaintiff if, in its prosecution of the grievance proceedings, defendant union did in fact breach its duty of fair representation. The provisions of our arbitration statute are in accord. N.J.S.A. 2A:24-8(a).
Lastly, we are not persuaded that, in the present posture of the case, the orders from which this appeal was taken do not constitute a final judgment. Be this as it may, we conceive the issues to be of sufficient significance as to require disposition on the merits, as we have undertaken to do. To avoid any procedural question, leave to appeal hereby is granted to the plaintiff on the court's own motion. R. 2:2-4.
Accordingly, the order of November 5, 1971 dismissing the complaint as to defendant Bendix Corporation, and the order of January 14, 1972 limiting plaintiff to proceed against defendant Local Union No. 153 "only on the issue of common law fraud," are reversed; and the cause is remanded to the Law Division for further proceedings not inconsistent with this opinion. See Vaca v. Sipes, supra, 386 U.S. at 187-188, 87 S.Ct. 903.